**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **BEITH FARM, LLC** | ) | Case No. 13-00263 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |
| | ) | |
| | ) | Hearing Date:  June 25, 2013 |
| | ) | Hearing Time: 9:30 a.m. |

### NOTICE OF APPLICATION

PLEASE TAKE NOTICE that on Tuesday, June 25, 2013 at 9:30 a.m., the undersigned shall appear before the Honorable Judge Janet S. Baer, in Courtroom 615, 219 South Dearborn Street, Chicago, Illinois, and then and there present the **FIRST AND FINAL APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC, AS COUNSEL FOR THE DEBTOR, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND FOR RELATED RELIEF,** at which time you may appear if you deem fit.

Dated:  June 4, 2013                                     Respectfully submitted,

                                                         Beith Farm, LLC

                                                         By:  */s/ Marc S. Reiser*

Steven B. Towbin (#2848546)
Marc S. Reiser (#6310575)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
Tel: (312) 980-3805
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

      Marc S. Reiser certifies that he caused to be served a true copy of the above and foregoing **NOTICE OF MOTION** and the **FIRST AND FINAL APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC, AS COUNSEL FOR THE DEBTOR, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND FOR RELATED RELIEF** upon the attached Electronic Mail Notice List through the ECF System and on the attached Service List in the manner so indicated on this 4th day of June, 2013.

                                      /s/ *Marc S. Reiser*

**Mailing Information for Case 3-00263**

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Steven B Towbin    stowbin@shawfishman.com

By U.S. Mail to:

Beith Farm, LLC
3221 Fiday Road
Joliet, IL 60431-0644

CAP Investments LP
c/o Lawrence Capista
3221 Fiday Road
Joliet, IL 60431-0644

Department of the Treasury
Internal Revenue Service
PO Box 7346
Philadelphia PA 19101-7346

Edward C. Mattox
611 W. Jefferson
Joliet, IL 60404-3772

Eugene S. Kraus
Scott & Kraus LLC
150 S. Wacker Dr. #2900
Chicago, IL 60606-4206

Illinois Department of Revenue
Bankrupcty Section
PO Box 64338
Chicago, IL 60664-0338

Inland Bank and Trust
2805 Butterfield Road, Suite 200
Oak Brook, IL 60523-1170

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Kipling Homes, LLC
611 W. Jefferson St. STE 201
Joliet, IL 60404-3772

Lawrence Capista
3221 Fiday Road
Joliet, IL 60431-0644

Minooka Community School Dist 201
333 West McEvilly Road
Minooka, IL 60447-8786

PMC Group, LP
10 N. Fairlane
Joliet, IL 60435-5484

Peter Cinquegrani
717 W. Ridge Rd
Joliet, IL 60431-4885

Phoenix Development LLC
3221 Fiday Road
Joliet, IL 60431-0644

Renzo Excavating, LLC
3221 Fiday Road
Joliet, IL 60431-0644

Steve Enberg
161 N. Clark St.
Suite 3200
Chicago, IL 60601-3247

Will County Clerk
302 N Chicago St.
Joliet, IL 60432-4078

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604-2027

Village of Shorewood
One Towne Center Blvd.
Shorewood, IL 60404

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **BEITH FARM, LLC** | ) | Case No. 13-00263 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |
| | ) | |
| | ) | Hearing Date: June 25, 2013 |
| | ) | Hearing Time: 9:30 a.m. |

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

Name of Applicant:                                    Shaw Fishman Glantz & Towbin LLC

Authorized to Provide Professional Services to:       Debtor

Date of Order Authorizing Employment:            January 31, 2012, effective as of January 4, 2013

Period for Which Compensation is sought:          January 4, 2013 to May 16, 2013

Amount of Fees sought:                                $45,650.50

Amount of Expense Reimbursement sought:        $261.04

This is an:     Interim Application    ____         Final Application    __X__

This is the first application filed herein by this professional.

Dated: June 4, 2013              Applicant:    Shaw Fishman Glantz & Towbin LLC

                                                    Beith Farm, LLC
                                                    By:    */s/ Marc S. Reiser*

Steven B. Towbin (#2848546)
Marc S. Reiser (#6310575)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
Tel: (312) 980-3805
*Counsel for the Debtor*

{10472-001 MOT A0343683.DOC}       1

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BEITH FARM, LLC | ) | Case No. 13-00263 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |
| | ) | |
| | ) | Hearing Date: June 25, 2013 |
| | ) | Hearing Time: 9:30 a.m. |

**FIRST AND FINAL APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC, AS COUNSEL FOR THE DEBTOR, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND FOR RELATED RELIEF**

Steven B. Towbin and the law firm of Shaw Fishman Glantz & Towbin LLC (collectively, "Shaw Fishman") applies to this court (the "Application"), pursuant to 11 U.S.C. §§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a)(6), 2002(i), 2016(a) and 9007, for the allowance of $45,650.50 in compensation for 110.50 hours of professional Services (the "Services") rendered on behalf of Beith Farm, LLC (the "Debtor"), and for the reimbursement of $261.04 for expenses (the "Expenses") incurred incidental to the Services during the period of January 4, 2013 through May 16, 2013 (the "Application Period"). In support of this Application, Shaw Fishman respectfully states as follows:

**BACKGROUND**

1. On January 4, 2013, the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois (the "Case").

1{10472-001 MOT A0343683.DOC}     1

2. As of the Petition Date, the Debtor's sole asset consisted of unimproved farmland located at 100+ Acres of Farm Land, Southwest Corner of Seil Road and the CN Railroad, Shorewood, Illinois (the "Property") that was encumbered by a mortgage recorded by Inland Bank and Trust (the "Bank") in the approximate amount of $6,046,409.

3. The Debtor deemed the value of the Property to be less than the total amount owed to the Bank. The Debtor and the Bank agreed that a sale of the Property pursuant to 11 U.S.C. § 363 was preferable to a state court foreclosure sale. Accordingly, the Debtor's real estate broker, Colliers International ("Colliers") extensively marketed the Property for sale and procured a purchase agreement with a stalking-horse buyer.

4. On March 11, 2013, the Debtor filed its *Motion to (I) Schedule Sale of Debtor's Real Property Free and Clear of Liens; (II) Approve Bidding Procedures and Stalking Horse Protections; (III) Approve Sale Agreement; (IV) Schedule Auction to Consider Qualified Bids; and (V) Schedule Hearing to Approve Purchase and Sale Agreement, Auction Sale Results, and Sale to Winning Bidder* [Docket No. 29) (the "Sale Motion").

5. On May 1, 2013, the court entered its Order Approving Sale of Debtor's Property [Docket No. 39] (the "Sale Order"). Pursuant to the Sale Order, the Debtor's Property was sold free and clear of all interests to Czerkies Ltd. Partnership II ("Buyer") for the price of One Million Two Hundred Thousand and No/100 Dollars ($1,200,000) (the "Sale"). The Sale closed on May 15, 2013.

6. Concurrently with the filing of this Motion, the Debtor has filed a *Motion to Dismiss Chapter 11 Case and for Related Relief*, seeking a dismissal of the Case.

## RETENTION OF SHAW FISHMAN

7. On January 22, 2013, the Debtor applied to the court for an order approving the retention of Shaw Fishman as its attorneys in connection with the Case and the compensation arrangement related thereto [Docket No. 14] (the "Retention Application").

8. On January 31, 2013, this court entered an order approving the Retention Application and authorizing the Debtor to employ Shaw Fishman as its attorneys in connection with the Case effective as of the Petition Date [Docket No. 23] (the "Retention Order").

## THE SERVICES RENDERED BY SHAW FISHMAN

9. From and after the inception of Shaw Fishman's representation of the Debtor up to and including the present time, Shaw Fishman has served as legal counsel to the Debtor with respect to all bankruptcy matters that have arisen in or with respect to the Case. In connection therewith, Shaw Fishman has provided substantial bankruptcy legal Services to the Debtor, including analysis of the Debtor's assets and liabilities, advising the Debtor with respect to its rights and obligations under chapter 11 of the Bankruptcy Code, and representing the Debtor in the anticipated sale of its Property.

10. Attached hereto and made part hereof is Exhibit A, which are invoices for Services and expenses during the Application Period (the "Invoices").

11. All of the Services for which compensation is requested were rendered in connection with the Case and related matters. All of the time described in the annexed exhibits represents the actual amount of time spent or, in certain instances, less than the actual amount of time spent by attorneys of Shaw Fishman who rendered the described Services. In certain instances, the time reflected in the exhibits has been reduced in an

effort by Shaw Fishman to eliminate excessive, duplicative or, in hindsight, unnecessary or unproductive Services.

12. The hourly rates charged by the bankruptcy professionals of Shaw Fishman who worked on the Case and whose time is a part of the Services are as follows:

| **Members** | **Rate** |
|---|---|
| Steven B. Towbin | $675.00 |
| David S. Horwitch | $440.00 |
| **Counsel** | **Rate** |
| Richard M. Fogel | $450.00 |
| **Associates** | **Rate** |
| Marc S. Reiser | $300.00 |
| **Paralegals** | **Rate** |
| Patricia M. Fredericks | $200.00 |
| Melissa A. Westbrook | $200.00 |

These rates are based on the experience and expertise of the respective personnel.

13. The Services have required a total of 110.50 hours on the part of Shaw Fishman as more fully set forth in the Invoices. *See* Exhibit "A." Based upon the customary and reasonable rates charged by Shaw Fishman for Services in cases under the Bankruptcy Code and for Services other than Services rendered in cases under the Bankruptcy Code, the fair and reasonable value of the Services is not less than $45,650.50 (the "Compensation Request"). All of the Services for which compensation is requested were Services which, in Shaw Fishman's billing judgment, were necessarily rendered after due consideration of the expected cost and anticipated benefit of such Services.

14. In an effort to provide the court and parties in interest with understandable information concerning the amount and nature of Shaw Fishman's Services during the

Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Shaw Fishman has classified its Services into separate categories of Services as follows:

| Description | Total Hours | Total Fees Incurred |
|---|---|---|
| Case Administration | 7.10 | $3,742.50 |
| Retention of Professionals | 16.60 | $6,805.00 |
| Sale of Assets | 73.90 | $31,923.00 |
| Statements and Schedules | 9.10 | $2,040.00 |
| **Total** | **110.50** | **$45,650.50** |

15. The following is a separate description of each of the Shaw Fishman categories, which generally describe the tasks performed.[1] The Invoices provide detailed descriptions of all Services rendered in each of the above categories and the timekeeper, date and amount of time expended in each category.

## Case Administration

16. Shaw Fishman expended 7.10 hours of professional Services having a value of $3,742.50 in connection with Services pertaining to case administration. Services rendered by Shaw Fishman in this category generally included, among other things: (a) drafting and amending the Debtor's bankruptcy schedules and statement of financial affairs; and (b) preparing for and attending the section 341 meeting of creditors.

## Retention of Professionals

17. Shaw Fishman expended 16.60 hours of professional Services having a value of $6,805.00 in connection with Services pertaining to retention of professionals.

---

[1] The Application does not describe categories with less than $3,000 in fees. The Invoices set forth detailed information on these categories.

Services rendered by Shaw Fishman in this category generally included, among other things: (a) drafting and presenting retention applications for Debtor's counsel and Debtor's real estate broker; (b) conferring with the Bank and tailoring retention applications to the particular economics of the Case; and (c) preparing for and attending the hearing on the retention applications.

## Sale of Assets

18. Shaw Fishman expended 73.90 hours of professional Services having a value of $31,923.00 in connection with Services pertaining to the sale of the Debtor's Property. Services by Shaw Fishman in this category include, among other things: (a) drafting bidding procedures for auction of the Property; (b) implementing advertising for the sale; (c) drafting letter of intent and purchase and sale agreement for the Property; (d) attending hearings seeking approval of the Sale of the Property to the Buyer; (e) drafting transfer documents and coordinating Sale.

## Summary of Services Rendered By Professional

19. In summary, the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| Professional | Position | Hourly Rate | Hours | Total Amount |
| --- | --- | --- | --- | --- |
| Steven B. Towbin | Member | $675.00 | 28.90 | $19,402.50[2] |
| David S. Horwitch | Member | $440.00 | 21.70 | $9,548.00 |
| Richard M. Fogel | Counsel | $450.00 | 1.00 | $450.00 |
| Marc S. Reiser | Associate | $300.00 | 43.70 | $13,110.00 |
| Melissa A. Westbrook | Paralegal | $200.00 | 3.00 | $600.00 |

---

[2] 0.20 hours of Services were incurred when Mr. Towbin's Hourly Rate was $650.00.

| Professional | Position | Hourly Rate | Hours | Total Amount |
|---|---|---|---|---|
| Patricia M. Fredericks | Paralegal | $200.00 | 12.20 | $2,440.00 |

20. The hourly rates charged by Shaw Fishman compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Fishman professionals providing Services to the Debtor in connection with the Case. Further, the amount of time spent by Shaw Fishman with respect to the Case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, the sophistication and experience of opposing counsel and the ultimate benefit to the estate.

21. Many of the issues presented by the Case have been legally and factually complex and the amounts at stake significant. The results of Shaw Fishman's efforts in this regard have inured to the benefit the estate and to the interests of its prepetition creditors. Given the criteria set forth in § 330, namely (a) the nature, extent and value of the Services; (b) the time spent; (c) the rates charged for such Services; (d) the performance of the Services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the Services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Fishman respectfully submits that the requested compensation represents a fair and reasonable amount that should be allowed in full.

22. Shaw Fishman has not previously sought compensation as this is the first such application. Shaw Fishman submits that the Compensation Request is reasonable

and requests the entry of an order authorizing compensation for the Services as set forth herein.

## EXPENSES

23. The actual and necessary costs expended by Shaw Fishman during the Application Period are detailed in the Invoices that are attached as Exhibit "A." The requested reimbursement amount for expenses incurred is $261.04.[3] All of the expenses for which reimbursement is sought are expenses that Shaw Fishman customarily recoups from all of its clients.

The specific expenses incurred during the Application Period for which reimbursement is requested are as follows:

| Category | Amount |
| --- | --- |
| Photocopy | $123.30 |
| Postage | $49.98 |
| Filing Fees | $30.00 |
| Pacer Research | $23.70 |
| Messenger | $6.06 |
| Parking/Taxi | $28.00 |
| **TOTAL:** | **$261.04** |

Photocopy: Photocopy charges include internal and outsourced copies. Generally, Shaw Fishman makes all copies internally. All internal copies are billed at a rate of $0.10 per page. Where a large copy job may be more efficiently conducted by an outside copying service, Shaw Fishman charges the actual costs for expenses incurred. Outsourced copying Services may include binding or color copying.

---

[3] Shaw Fishman incurred $47.88 in Westlaw charges for which it is not seeking reimbursement in this Application.

Postage. Shaw Fishman seeks reimbursement only for the actual out-of-pocket charges incurred by it for postage. Postage charges are recorded on a manual log at the time a mailing is done. The amount recorded reflects the total from the postage meter. This category includes out-of-pocket expenses incurred for federal express, shipping and messenger charges.

PACER. Shaw Fishman uses PACER to monitor docket activity and obtain documents filed with the Court without the necessity of a trip to the courthouse. Shaw Fishman makes no profit on PACER charges but merely passes through its research expenses to the Debtor.

**PAYMENTS RECEIVED BY SHAW FISHMAN TO DATE**

This is Shaw Fishman's first and final application for compensation and reimbursement of expenses. Before the Petition Date, the Debtor paid Shaw Fishman a prepetition retainer in the amount of $25,000.00 (the "Retainer"), of which $4,565.00 was used and applied to prepetition services and expenses. The balance has not been applied. Shaw Fishman seeks allowance of the Compensation Request and the Expenses and payment of the balance of the Retainer and the Unencumbered Cash[4] in the estate. The balance of the Compensation Request will be paid by Larry Capista, a 50% owner of the Debtor. Mr. Capista is not a creditor of the Debtor and the Debtor holds no claims against him.

---

[4] The Debtor received a real estate tax refund post-petition in the amount of $3,631.46. $1,891.92 of this amount has been utilized by the Debtor to pay for certain expenses, including surveying the property and paying the United States Trustee's first quarterly fees, leaving a balance of $1,739.54. In addition, $6,500 of the proceeds from the Sale were transferred to Shaw Fishman's trust account for the payment of certain administrative expenses. Accordingly, the Debtor has $10,161.46 in unencumbered cash to pay the remaining administrative expense claims, including part of Shaw Fishman's compensation requested herein (the "Unencumbered Cash").

## COMPLIANCE WITH 11 U.S.C. § 504

Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Fishman and any other firm, person or entity for the sharing of division of any compensation paid or payable to Shaw Fishman.

## NOTICE

A copy of this Application has been served upon the United States Trustee and the parties on ECF service list. A notice of hearing has been served on the Debtor's creditors. Shaw Fishman requests that this Court find the notice provided for herein sufficient and waive and dispense with any further notice requirements.

WHEREFORE, Shaw Fishman requests the entry of an order, substantially in the form attached hereto, that:

(a) Allows Shaw Fishman $45,650.50 in compensation for the Application Period;

(b) Allows Shaw Fishman $261.04 in expense reimbursement for the Application Period;

(c) Authorizes Shaw Fishman to apply the balance of the Retainer to the Compensation Request, and directs the Debtor to pay Shaw Fishman the Unencumbered Cash, after payment of the United States Trustee's second quarterly fees.

(d) Waives other and further notice of the hearing with respect to this Application; and

(e) Provides Shaw Fishman with such additional relief as may be appropriate and just under the circumstances.

Dated:  June 4, 2013                                Respectfully submitted,

                                                    Beith Farm, LLC

                                                    By:  */s/ Marc S. Reiser*

Steven B. Towbin (#2848546)
Marc S. Reiser (#6310575)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
Tel: (312) 980-3805
*Counsel for the Debtor*